Russell S. Thompson IV (029098)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
rthompson@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Garcia, | ) Case No. |
| | ) |
| Plaintiff, | ) COMPLAINT AND TRIAL BY JURY |
| | ) DEMAND |
| vs. | ) |
| | ) |
| Gurstel Chargo, P.A., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Joshua Garcia ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Tempe.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Gurstel Chargo, P.A ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11. The alleged obligation arose from a personal credit card issued by HSBC Bank Nevada, N.A.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

      13.     In connection with the collection of an alleged debt in default Defendant filed a complaint against Plaintiff on July 25, 2010, which stated in relevant part:

> 11. That Defendant owes to Plaintiff for the credit extended, on or before December 21, 2009, the sum of $3,919.69.
>
> 12. That although duly demanded, Defendant has failed and refused to pay said amount and therefore is indebted to the Plaintiff in the amount of $3,919.69, plus interest in the amount of $453.73 from and before December 21, 2009, plus interest at the rate of 0% per annum from and after December 21, 2009."

(See July 25, 2010 Complaint, attached hereto as Exhibit A).

      14.     Plaintiff called Defendant on August 2, 2010 at 5:38 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Jennifer Wiedle."

      15.     During the August 2, 2010 telephone conversation, Plaintiff disputed the debt and stated that there has been fraudulent activity regarding the account since another person has been using Plaintiff's social security number.

      16.     Defendant sent Plaintiff written communication dated August 10, 2010, and in such communication, requested that Plaintiff fill out an identity theft affidavit form and return the form to Defendant. (See August 10, 2010 Correspondence, attached hereto as Exhibit B).

      17.     On August 20, 2010, Plaintiff sent his completed identity theft affidavit to Defendant, via certified mail.

      18.     The affidavit stated, in relevant part:

> I was served a summons for a credit card I've never known or had. After running my social security number I discovered David Moffett has been using my social security # since 2000. After speaking with the serving attorney they too have discovered that my social security # had/has been used by a Mr. David Moffett.

19. Defendant received Plaintiff's identity theft affidavit form on August 21, 2010 at 9:59 A.M. (See Delivery Confirmation, attached hereto as Exhibit C).

20. During January 2011, Plaintiff sent the major credit reporting bureaus fraud alerts regarding the account.

21. At some time after January 2011, the alleged debt was removed from Plaintiff's Experian credit report.

22. Despite Defendant's receipt of Plaintiff's completed identity theft affidavit, and in connection with the collection of the alleged debt, Defendant sent Plaintiff written communication dated May 11, 2012. (See May 11, 2012 Correpsondence, attached hereto as Exhibit G).

23. The May 11, 2012 letter stated, in relevant part:

RE:   HSBC Bank Nevada, N.A.
      Our File: 339657                    Current Balance: $4, 373.42

(Exhibit D).

24. In its May 11, 2012 letter, Defendant falsely represented the amount of Plaintiff's debt by attempting to collect an amount that Plaintiff does not owe.

25. In its May 11, 2012 letter, Defendant communicated with Plaintiff after receiving Plaintiff's written identity theft affidavit form disputing the alleged debt.

Complaint - 4

26. Defendant sent Plaintiff written communication dated May 30, 2012 stating, in relevant part:

RE:   HSBC Bank Nevada, N.A.

Our File: 339657                              Current Balance: $4,373.42

(See May 30, 2012 Correspondence, attached hereto as Exhibit E).

27. In its May 30, 2012 written communication, Defendant falsely represented the amount of Plaintiff's debt by attempting to collect an amount that Plaintiff does not owe.

28. In its May 30, 2012 written correspondence, Defendant communicated with Plaintiff after receiving Plaintiff's completed written identity theft affidavit disputing the alleged debt.

29. Plaintiff called Defendant on June 4, 2012 at 6:55 P.M., and at such time, Plaintiff spoke with Defendant's agent and/or employee "Damian."

30. During the June 4, 2012 telephone conversation, Plaintiff stated that the alleged debt had been reported as an identity theft and that Plaintiff had mailed Defendant information establishing the same in 2010.

31. During the June 4, 2012 telephone conversation, Plaintiff told "Damian" that he spoke with "Jennifer Wiedle" in 2010 and "Damian" confirmed that "Jennifer Wiedle" was one of Defendant's attorneys.

32. Defendant sent Plaintiff written communication dated July 27, 2012 stating, in relevant part:

RE:   HSBC Bank Nevada, N.A.

Our File: 339657                          Current Balance: $4,373.42

(See July 27, 2012 Correspondence, attached hereto as Exhibit F)

33. In its July 27, 2012 written communication, Defendant falsely represented the amount of Plaintiff's debt by attempting to collect an amount that that Plaintiff does not owe.

34. In its July 27, 2012 written correspondence, Defendant communicated with Plaintiff after receiving Plaintiff's written identity theft affidavit form disputing the Debt.

35. As a result of Defendant's conduct, Plaintiff has felt tense and anxious, suffered headaches and migraines, and generally feels tired all of the time.

36. Further, Defendant's conduct has affected Plaintiff's daily routines and caused him difficulty sleeping, affected his appetite, affected his intimate relationships, and further disrupted his normal day-to-day activities.

37. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

### COUNT I
### VIOLATIONS 15 U.S.C. § 1692c(c)

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS 15 U.S.C. § 1692e(2)(A)

40. Plaintiff repeats and re-alleges each and every allegation contained above.

41. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS 15 U.S.C. § 1692e(10)

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 11th day of September, 2012

          By: s/ Russell S. Thompson IV
          Russell S. Thompson IV (029098)
          WEISBERG & MEYERS, LLC
          5025 North Central Ave., #602
          Phoenix, AZ 85012
          602 445 9819
          866 565 1327 facsimile
          rthompson@AttorneysForConsumers.com
          Attorney for Plaintiff